# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2120 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Davis vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Court denies Leandra Davis' motion to vacate, set aside or correct his sentence. Judgment is entered in favor of the defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 29 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEANDRA DAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 03 C 2120 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

DOCKETED
AUG 2 9 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Leandra Davis was charged, along with four other men, with conspiracy to distribute more than one kilogram of heroin, more than ten kilograms of cocaine, and more than 1000 kilograms of marijuana between March 1994 and May 1999, and with attempting to possess with intent to distribute 300 grams of heroin. On August 22, 2000, Davis entered a guilty plea to the conspiracy charge before another judge of this Court who was sitting in our absence. The guilty plea was entered pursuant to a thirteen-page plea agreement. Some months later, we sentenced Davis to 162 months in prison. We found that Davis' criminal history category was VI and his total offense level was 36, which yielded a sentencing range of 324 to 405 months. Pursuant to the plea agreement, the government made a motion for downward departure pursuant to Guideline §5K1.1 based on Davis' substantial assistance in the prosecution of others. The plea agreement reflected that the parties had agreed to a sentence equal to the greater of 50% of the low end of the applicable Guideline range or 50% of the statutory minimum sentence. This

particular term was governed by then-Federal Rule of Criminal Procedure 11(e)(1)(C) (now Rule 11(c)(1)(C)). After considering the parties' submissions and arguments, the Court sentenced Davis to the agreed-upon sentence.

Davis appealed his conviction and sentence even though his plea agreement contained a waiver of his right to appeal. Different counsel was appointed to represent him on appeal. Counsel moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967), stating that the potential issues for appeal were all frivolous. Davis was given an opportunity to respond to the motion and he did so. The Court of Appeals concluded that the potential issues for appeal were indeed frivolous. First, any claim that Davis' guilty plea was not knowing and voluntary was frivolous "because the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure." *United States v. Davis,* No. 01-1892, 35 Fed. Appx. 245, 246, 2002 WL 453707, at *1 (7th Cir. Mar. 21, 2002). Second, any claim that this Court should have granted Davis' motion to withdraw his plea on the grounds that he had been coerced was frivolous for the same reason. *Id.* Third, any claim that the plea was effectively coerced because Davis was detained pending trial was frivolous because even illegal detention is not a basis for invalidating a guilty plea. *Id.,* 35 Fed. Appx. at 246, 2002 WL 453707, at *2. And finally, potential challenges to this Court's calculation of Davis' offense level and criminal history category, the addition of three levels for his role in the offense, and the denial of his motion for downward departure were also frivolous in view of Davis' valid waiver, in the plea agreement, of his right to appeal the sentence. The Court noted that Davis, in response to appellate counsel's *Anders* motion, had not contended that the waiver of his appeal rights was invalid or that he had not understood it. *Id.,* 35 Fed. Appx. at 247, 2002 WL 453707, at *2.

2

Davis has now filed a *pro se* motion under 28 U.S.C. §2255 to vacate his conviction and sentence. First, he challenges the enhancement for his role in the offense. *See* 2255 Motion attachment, pp. 1-9. Second, he argues that he pled guilty because his lawyer gave him erroneous advice regarding the consequences of the plea, specifically with regard to his right to dispute certain issues and his right to appeal the sentence. *Id.*, pp. 9-13. Third, he says he should have been allowed to withdraw his guilty plea because he was led to believe that he could contest at sentencing the amounts of narcotics that should be considered in determining his offense level. *Id.*, pp. 13-19. Fourth, Davis argues that the Court should reconsider its finding regarding the amount of narcotics involved. *Id.*, pp. 20-22.

Section 2255 provides that a court may vacate, set aside, or correct a sentence if it was imposed in violation of the Constitution or laws of the United States, if the Court lacked jurisdiction to impose the sentence, if the sentence exceeded the statutory minimum, or if it is otherwise subject to collateral attack. 28 U.S.C. §2255. A section 2255 motion, however, is not a substitute for a direct appeal. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). The movant cannot raise issues that were raised on direct appeal; he likewise cannot raise issues that could have been raised on direct appeal but were not, unless he shows cause for the default and actual prejudice resulting from the failure to appeal. *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 1999); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

Two of Davis' issues were not addressed on their merits on appeal because he had waived his right to appeal: his challenges to the role in the offense enhancement and to the calculation of the amount of narcotics involved. It would be incongruous to permit him to raise those issues on

3

their merits in a §2255 motion absent a showing that the appeal waiver was invalid – a showing he was unable to make when the Court of Appeals gave him the opportunity to do so. In any event, Davis has provided the Court with nothing to suggest that he would have had any chance for success even if he had been able to appeal those findings. The Court based its findings on the drug quantity issue on the amounts to which Davis had expressly admitted; we rejected the government's argument for a higher quantity based on the statements of Davis' co-defendants. Davis has made no argument that would tend to undermine the Court's reliance on Davis' own admissions. With regard to the role in the offense issue, the Court likewise rejected the government's argument for a greater enhancement, imposing a three-level "manager/supervisor" enhancement rather than a four-level "leader/organizer" enhancement, relying entirely on Davis' own admissions. Again, Davis does not identify any basis on which he would have had a reasonable chance to succeed on appeal on this issue if he had been able to appeal it.

Davis' remaining claims are likewise meritless. He contends that just before the guilty plea was entered, his lawyer advised him that he would, in fact, be able to appeal the sentence. The Court concedes that the colloquy between our colleague and Davis on this score was not a model of clarity. *See* Transcript, Aug. 22, 2000, p. 14. But the plea agreement contained an unambiguous waiver of Davis' right to appeal the sentence; that is precisely what the Seventh Circuit found in rejecting Davis' appeal. *United States v. Davis,* 35 Fed. Appx. at 247, 2002 WL 453707, at *2. But even if counsel did misadvise Davis, leaving him confused on the point at the time of his guilty plea, he has failed to show that he was prejudiced. In that regard, Davis must show that if he had not been misadvised, he would not have pled guilty and instead would have gone to trial. *See Galbraith v. United States,* 313 F.3d 1001, 1008 (7th Cir. 2002). But Davis

does not even allege this, much less support it with evidence (such as an affidavit). *See id.* at 1009. The Court also notes that by virtue of his plea agreement, Davis avoided the potential of further enhancement of his sentence pursuant to 21 U.S.C. §851, *see* Plea Agr. ¶12, and he obtained the government's agreement to a 50% reduction of his sentence – in this case, a hefty reduction of thirteen and one-half years. Based on the record before the Court, "[t]here is no reasonable probability that [Davis] would have insisted on going to trial." *Tezak v. United States*, 256 F.3d 702, 712 (7th Cir. 2001). Indeed, even in his motion entitled "Motion for Withdrawal from Plea or Specific Performance," *see* Case No. 99 CR 352, Docket Item 127, he did not actually ask to withdraw his plea and go to trial; rather he sought only specific performance of a better deal that he claimed to have made.

Davis' final claim is that he was misadvised that he would be able to contest the drug quantities that the Court should use in calculating his offense level. This claim is entirely without merit: Davis could, and did, challenge the government's drug quantity claim, and as noted earlier, the Court rejected the government's position, relying exclusively on Davis' own admissions. In short, he was *correctly* advised that he could dispute the drug quantity issue.

### Conclusion

For the foregoing reasons, the Court denies Leandra Davis' motion to vacate, set aside or correct his sentence. The Clerk is directed to enter judgment in favor of the defendant.

MATTHEW F. KENNELLY
United States District Judge

Date: August 27, 2003